UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| James Kiker Jr.<br>　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Case No. 3:25-cv-816<br>) |
| JEFFERSON CAPITAL SYSTEMS, LLC<br>　　　Defendant, | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., to obtain statutory damages, actual damages, and attorney's fees for violations committed by Defendant during the course of attempting to collect an alleged consumer debt.

2. Specifically, this action arises from Defendant's furnishing information which was known or should be known as false in direct violation of 15 U.S.C. § 1692e(8).

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant regularly conducts business in this District and the events giving rise to this claim occurred here.

## III. PARTIES

5. Plaintiff James Kiker Jr. is a natural person residing in Indian Trail, North Carolina, and is a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant JEFFERSON CAPITAL SYSTEMS, LLC is a Minnesota corporation, its Registered Agent (per the North Carolina Secretary of State Record) is Corporation Service Company. Their mailing address is 2626 Glenwood Ave, Suite 550, Raleigh NC, 27608.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts.

## IV. FACTS OF THE COMPLAINT

8. Plaintiff allegedly incurred a consumer debt, primarily for personal, family, or household purposes.

9. At a date better known by the Defendant, it began attempting to collect the alleged debt on behalf of SPRINT, in the amount of $1956.

10. On or about May 22, 2025, Plaintiff received his verified consumer disclosure via annualcreditreport.com. After reviewing his credit report. He noticed that the tradeline referenced above was being furnished by the Defendant. He did not agree with the information that was being reported.

11. Plaintiff mailed a dispute to the Defendant, informing them that he believed there are inaccuracies on the reported account.

12. Plaintiff sent the dispute via USPS certified mail with the tracking number 9589 0710 5270 3023 5285 27. The Defendant received this communication 12:42pm on June 30, 2025.

13. On or about September 11, 2025, Plaintiff applied for and received an updated copy of his consumer disclosure (from Experian) via annualcreditreport.com.

14. Despite receiving Plaintiff's dispute on June 30, 2025, Defendant willfully and knowingly reported the collection account to the Consumer Reporting Agencies without noting that it was disputed. This conduct violates 15 U.S.C. § 1692e(8) - *Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

15. As a direct result of Defendant's misconduct, Plaintiff has been subject to a disproportionate credit rating, potential denials for different loans and other financial damages. This violation is directly impeding on the plaintiffs normal quality of life.

16. Defendant knew or should have known that the debt was disputed at the time of the reporting. Defendant's failure to furnish the collection account information accurately is a violation of 15 U.S.C. § 1692e(8).

## V. FIRST CLAIM FOR RELIEF

### *Violations of 15 U.S.C. § 1692e(8) – False or misleading representations*

17. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information to one or more credit reporting agencies that it knew or should have known was false, including by failing to communicate that the debt was disputed.

19. As a result of this unlawful conduct, Plaintiff suffered actual damages and is entitled to statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5. Prejudgment interest on all actual damages at the maximum rate permitted by law;

6. That statutory and actual damages be awarded cumulatively, not in the alternative; and

7. Such other and further relief as the Court deems just and proper.

Respectfully submitted on October 19, 2025, by:

/Marcel A. McCrea/
Marcel A. McCrea, Esq.
Phillips and McCrea, PLLC
PO Box 30453
Charlotte, NC 28230
T.: 980.225.9072
F: 980.225.9080
E: marcel@lawpm.com
COUNSEL FOR PLAINTIFF